IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN HARRISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) C.A. No. |
| ARCTIC GLACIER U.S.A, INC., | ) ) ) |
| Defendant. | ) ) |

**NOTICE OF REMOVAL**

Defendant, Arctic Glacier U.S.A., Inc. ("Arctic Glacier" or "Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of its removal of this action from the Superior Court of the State of Delaware to this Court. In support of its Notice of Removal, Arctic Glacier states as follows:

**I.    THE STATE COURT ACTION**

1. On or about September 3, 2024, Plaintiff, John Harrison ("Plaintiff") filed a Complaint in the Superior Court of the State of Delaware, bearing Index No. N24C-09-014 CEB (the "State Court Action") against Arctic Glacier (the "Complaint"). A copy of the Complaint and its Exhibits are attached hereto as **Exhibit 1**.

2. Arctic Glacier accepted service of the Complaint effective October 1, 2024. The parties stipulated to Arctic Glacier moving, answering, or otherwise responding to the Complaint by October 30, 2024. The Honorable Charles E. Butler granted the parties' stipulation and ordered

Arctic Glacier to respond to the Complaint by October 30, 2024 (the "Order"). A copy of the Order is attached hereto as **Exhibit 2**.

## II.  THE PARTIES

3.  Plaintiff John Harrison is, and at the time of commencement of the State Court Action was, a resident of New Hampshire. *Ex. 1* at ¶1.

4.  Arctic Glacier is, and at the time of commencement of the State Court Action was, a corporation organized under the laws of Delaware and thereby domiciled in Delaware. *Id.* at ¶¶2-3.

## III.  THE NATURE OF THE DISPUTE

5.  Arctic Glacier employed Plaintiff between approximately July 2019 and April 2024. *Id.* at ¶4. Plaintiff and Arctic Glacier (the "Parties") entered into an Employment Agreement dated March 16, 2020. *Id.* at ¶3.

6.  In the Complaint, Plaintiff alleges that Arctic Glacier breached the termination provisions of the Parties' Employment Agreement by not offering Plaintiff certain "Severance Benefits" required by the agreement should Plaintiff have resigned with "Good Reason" or be terminated without "Cause." *Id.* at ¶¶6-7; 16-23. According to Plaintiff, he was terminated without "Cause" such that he is owed the "Severance Benefits." *Id.* at ¶¶10-15; 24-27. The "Severance Benefits" include "12 months' salary, a cash bonus equal to the bonus Arctic paid Harrison for the preceding fiscal year, and a prorated annual bonus for the year in which Arctic terminated Harrison's employment without Cause." *Id.* at ¶¶6-7. Arctic Glacier provided Plaintiff with a proposed severance agreement offering him, as alleged, "substantially less than the Severance Benefits." *Id.* at ¶14.

7.  As a result of these, and other alleged facts, Plaintiff asserts claims for: (1) Breach of contract; and (2) Declaratory judgement that Arctic Glacier terminated Plaintiff's employment

without cause. *Id.* at ¶¶20-27. As relevant to this Notice, Plaintiff is seeking the Severance Benefits, reasonable litigation costs, other damages he has suffered related to Arctic Glacier's conduct, and pre and post judgement interest. *Id.* at Prayer for Relief.

IV. **STATUTORY REQUIREMENTS FOR REMOVAL**

By this Notice, Arctic Glacier has removed the State Court Action to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, and asserts that federal subject matter jurisdiction is proper under diversity jurisdiction. Removal based on federal diversity jurisdiction requires that the amount in controversy exceed $75,000, exclusive of interest and costs, and that the citizenship of the parties be completely diverse. 28 U.S.C. §1332(a)(1).

      A.    **The Amount in Controversy Is Satisfied**

8. The amount in controversy is greater than $75,000.00 based on Arctic Glacier's information and belief. Unless and until a plaintiff or the court questions the defendant's amount-in-controversy allegation set forth in the removal notice, a defendant need not offer evidence to establish that the amount-in-controversy requirement of § 1332(a) is met. *Polanco v. Amguard Ins. Co.*, No. CV 18-0331-CFC, 2018 WL 6380707, at *3 (D. Del. Dec. 6, 2018) *citing Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The operative question is whether a defendant alleges an amount in controversy in "good faith," moreover when a complaint is silent to a numerical value of damages sought, a defendant can rely on their information and belief to allege the amount in controversy. *Polanco*, 2018 WL 6380707, at *4.

9. Plaintiff's Complaint is silent to a numerical value of damages sought. Although Arctic Glacier need not offer evidence establishing their contention, the Prayer for Relief in the Complaint seeks "Severance Benefits," which is defined as "12 months' salary, a cash bonus equal to the bonus Arctic paid Harrison for the preceding fiscal year, and a prorated annual bonus for the year in which Arctic terminated Harrison's employment without Cause." *Id*. at ¶6, 23.

10. The Employment Agreement attached to the Complaint as Exhibit A lists Plaintiff's base salary and bonus in amounts that far exceed $75,000. *Id*. at Ex. A ¶¶4(a), (b).

11. According to Plaintiff's allegations in the Complaint, therefore, the amount in controversy far exceeds $75,000.00, exclusive of interest or costs.

### B. Complete Diversity of Citizenship Exists Between the Parties

12. An individual is a citizen of the state in which they are domiciled which is established by, among other things, an individual's residency in a particular state. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir.2011). Plaintiff is, and was at the time the State Court Action was filed, a resident of New Hampshire. *Id*. at ¶1.

13. For the purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which they are incorporated. 28 U.S.C. §1332(c)(1). Arctic Glacier is, and was at the time the State Court Action was filed, a corporation organized under the laws of the State of Delaware and thereby is domiciled in Delaware. *Id*. at ¶¶2-3.

14. Therefore, complete diversity of citizenship exists because: (1) Plaintiff is a citizen of the state of New Hampshire; and (2) Arctic Glacier is a citizen of Delaware.

### C. Timeliness of Removal

15. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after Arctic Glacier accepted service of the Complaint on October 1, 2024 and consistent with the Order. *See* Ex. 2.

### D. Attachment of Documents

16. Arctic Glacier has attached all process, pleadings, and orders served on it in the State Court Action, as required by 28 U.S.C. § 1446(a). *See* Ex. 1 and Ex. 2.

      **E.**    <u>**Venue**</u>

17.    Removal to this Court is proper because the State Court Action was filed in this Court's district pursuant to 28 U.S.C. § 1446(a).

      **F.**    <u>**Written Notice to Plaintiff**</u>

18.    Written notice of the filing of this Notice of Removal will be given promptly by Arctic Glacier as specified in the attached Certificate of Service, as required by 28 U.S.C. § 1446(d).

      **G.**    <u>**Filing Notice in State Court**</u>

19.    A copy of this Notice of Removal will be filed promptly by Arctic Glacier in the Superior Court of the State of Delaware, in accordance with 28 U.S.C. §1446(d).

**V.**    <u>**CONCLUSION**</u>

20.    Based on the foregoing, the United States District Court for Delaware has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

21.    By filing this Notice of Removal, Defendant does not waive, and expressly reserves, its rights to assert any and all defenses and/or objections to which it may be entitled.

22.    In addition, in the event that Plaintiff seeks to remand this case, or that this Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

**WHEREFORE**, Defendant, Arctic Glacier U.S.A. Inc., respectfully removes this action now pending in the Superior Court of Delaware to the United States District Court for the District of Delaware.

                                            Respectfully submitted,

**BLANK ROME LLP**

Dated: October 30, 2024     By:   */s/ Anna E. Currier*
Anna E. Currier (#6271)
Adam V. Orlacchio (#5520)
1201 N. Market St., Suite 800
Wilmington, DE 19801
(302) 425-6431
adam.orlacchio@blankrome.com
anna.currier@blankrome.com

Stephanie Gantman Kaplan (*pro hac vice* forthcoming)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103
(215) 569-5381
steph.kaplan@blankrome.com

*Counsel for Defendant Arctic Glacier U.S.A., Inc.*