IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN HARRISON,<br><br>    Plaintiff,<br><br>v.<br><br>ARCTIC GLACIER U.S.A., INC.,<br><br>    Defendant. | Civil Action No. 1:24-cv-1206 RGA |

## MEMORANDUM ORDER

Before me is Defendant Arctic Glacier's Motion to Dismiss. (D.I. 9). I have considered the parties' briefing. (D.I. 10, 11, 12, 15). For the reasons set forth below, Defendant's motion is DENIED as to Count I and GRANTED as to Count II. I will grant Plaintiff John Harrison LEAVE TO AMEND his complaint as to Count II.

The factual circumstances of this case are laid out in more detail in the Magistrate Judge's Report and Recommendation; thus, I give only a bare recitation of the procedural history. This case was removed from Delaware Superior Court on October 30, 2024. (D.I. 1). Plaintiff John Harrison filed his First Amended Complaint against Arctic Glacier on November 8, 2024, bringing claims for Breach of Contract and a New Hampshire Wage Payment Violation. (D.I. 6). Arctic Glacier moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and the parties subsequently filed briefing in support of their positions (D.I. 10, 11, 12). I referred Defendant's Motion to Dismiss to a Magistrate Judge, who then docketed a Report and Recommendation, which recommended denial of Arctic Glacier's Motion. (D.I. 13, 14). Arctic Glacier subsequently filed its objections to the Magistrate Judge's Report and Recommendation. (D.I. 15).

1

The Magistrate Judge correctly set forth the relevant legal standards, which I repeat below.

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-91 (3d Cir. 2016). A court is "not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein [are] based." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1424-25 (3d Cir. 1997).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The Court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*,

550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition." Fed. R. Civ. P. 72(b)(3).

Arctic Glacier narrowly objects to the Magistrate Judge's Report and Recommendation. Specifically, it takes issue only with the recommendation that Count II of Harrison's complaint, alleging a New Hampshire Wage Payment Violation, should not be dismissed on the grounds that whether Arctic Glacier has a "policy or practice" of paying severance is a "factual issue not appropriately resolved on a motion to dismiss." (D.I. 15 at 2; D.I. 14 at 7). Under New Hampshire law, "severance pay... when such benefits are a matter of employment practice or policy, or both, shall be considered wages." N.H. Rev. Stat. § 275:43, V. When "granting severance benefits [are] not a matter of practice or policy" at a company, then "severance benefits do not meet the definition of wages in RSA 275:42, III." *ACAS Acquisitions (Precitech) Inc. v. Hobert*, 155 N.H. 381, 401 (2007).

I agree with Arctic Glacier's objection. I have reviewed the First Amended Complaint and have found that Harrison has not sufficiently pleaded that Arctic Glacier paid out severance benefits as a matter of "policy or practice." (D.I. 6). Harrison's own claim is the result of a negotiated contract. There is not a word in the First Amended Complaint asserting that any other person at Arctic Glacier ever was paid severance benefits; there is not even a conclusory assertion that Arctic Glacier paid severance benefits pursuant to any policy or practice. Thus, even if I were to take all facts alleged in the First Amended Complaint as true, it would nevertheless have failed to "state a claim to relief that is plausible on its face" as to a possible

New Hampshire Wage Payment Violation. *Twombly*, 550 U.S. at 570. With respect to Count II, the First Amended Complaint is thus deficient on its face.

I decline, however, to grant Arctic Glacier the relief it seeks, i.e., to dismiss Count II with prejudice. (D.I. 15 at 4). "Dismissal with prejudice," as the Supreme Court has noted, is a "harsh remedy" and I am disinclined to grant it when the pleadings may be easily amended to correct the deficiency. *New York v. Hill*, 528 U.S. 110 (2000). Though I am not obligated to grant Harrison leave to amend, I enjoy the discretion to do so when justice so requires. *See Broederdorf v. Bacheler*, 129 F.Supp.3d 182, 200 (E.D. Pa. 2015); *see also* Fed. R. Civ. P. 15(a)(1)(B) ("The court should freely give leave [to amend] when justice so requires."). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington* 114 F.3d at 1434 (1997). I find none of these grounds applicable here. There is no evidence or allegation that granting Harrison leave to amend would somehow reward behavior made in bad faith or with a dilatory motive. There is no danger of undue delay, as I will grant Harrison ten days to submit an amended complaint. There would be no prejudice to Arctic Glacier, as it will enjoy the full and fair opportunity to respond to the allegations made against it. Finally, it would not be futile to grant Harrison leave to amend, given that the sole defect in his complaint might be an omission[1] that could easily be cured. *Id.*

Arctic Glacier does not object to the Magistrate Judge's Report and Recommendation that its motion to dismiss Count I of the First Amended Complaint be denied. I have reviewed

---

[1] Defendant raised the "practice or policy" argument in both of its briefs. (D.I. 10 at 10; D.I. 12 at 3). Plaintiff did not address it in his brief. I have no idea whether Arctic Glacier has a policy or practice relating to severance. If Arctic Glacier does have one, as I think it might, I expect Plaintiff would know and therefore could easily plead it. If it does not, Plaintiff should not replead Count II.

4

the Magistrate Judge's Report and Recommendation and will adopt the recommendation as to Count I.

I ADOPT the Report and Recommendation as to Count I. (D.I. 14). Accordingly, Defendant's Motion to Dismiss Count I of the First Amended Complaint (D.I. 9) is DENIED. I GRANT the objection (D.I. 15) to the Report and Recommendation as to Count II. Accordingly, Defendant's Motion to Dismiss Count II of the First Amended Complaint (D.I. 9) is GRANTED. Count II is DISMISSED without prejudice. Plaintiff is GRANTED LEAVE TO AMEND his complaint within ten days of entrance of this order to cure the defect in Count II of his pleading.

IT IS SO ORDERED.

Entered this 24th day of September, 2025.

_____
United States District Judge